[Civ. No. 7819.  Second Appellate District, Division Two.—July 7, 1931.]

WILLIAM RICHARD IRWIN, Respondent, v. PICKWICK STAGES SYSTEM, INCORPORATED (a Corporation) et al., Appellants.

B. P. Gibbs and George P. Kinkle for Appellants.

Earl Newmire and George Appell for Respondent.

ARCHBALD, J., *pro tem.*—Motion by respondent for an order dismissing the appeal on the ground that appellants have failed to comply with the provisions of section 953c of the Code of Civil Procedure and rule VIII of the Rules of the Supreme Court and District Courts of Appeal.

Appellants' opening brief, the only one on file, sets out three points of alleged error.  Point I is that the verdict is contrary to the evidence, point II the giving of certain instructions by the court relative to the ownership of the bus in question and agency between its driver and Pickwick

Greyhound Lines of California (not a party to the action), and point III the giving of an instruction involving the doctrine of *res ipsa loquitur*.

Respondent in his motion to dismiss contends that as to point I appellants have failed to refer parenthetically to the line and page of the typewritten record; that only a small part of the evidence has been printed, and only that favorable to appellant, and that the testimony so printed is insufficient to justify a reversal. As to point II the contention is that all the evidence is not printed nor is any reference made to any documentary evidence which would support the instructions so attached; and as to point III, that no evidence is set forth concerning the facts surrounding the happening of the accident which is the basis of the action.

As to respondent's contention regarding point II, we do not understand rule VIII to mean that where one complains that an instruction given to the jury is erroneous all the evidence supporting the same is required to be printed in the brief. It would seem on principle that if the instruction shows possible error on its face one could rely upon that as a matter of law, in which case it would undoubtedly be presumed there was evidence in the record supporting it, in the absence of a showing to the contrary. The rule does require that "all other instructions given bearing upon that subject must be printed in full in appellant's brief", but no other instructions are set out in the brief bearing upon the asserted agency between the parties mentioned, and an examination of the instructions given discloses no other upon that subject. As to such point we are of the opinion that the brief discloses a sufficient argument so that the appeal should be decided on the merits, regardless of whether points I and III sufficiently comply with rule VIII or not.

Motion denied.

Works, P. J., and Craig, J., concurred.